IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60333

Summary Calendar

_____

MARTY MCLAURIN,

Plaintiff-Appellant,

versus

GLADYS NAZAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:93-CV-336-S-D)

_____

November 20, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Marty McLaurin appeals the district court's dismissal of his personal injury suit for lack of personal jurisdiction. We affirm.

I.

For five years until June 1992, Gladys Nazar was living with her boyfriend in Collierville, Tennessee. Around 1989 or 1990,

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Nazar took her female silky terrier to the home of Terry Carter in Olive Branch, Mississippi, to be bred with Carter's male silky terrier. Nazar and Carter forged a lasting friendship out of this meeting, and in June 1992, when Nazar was having domestic problems with her Collierville boyfriend, she went to Olive Branch to stay with Carter for awhile. Nazar did not pay rent while living in Carter's home, but did split living expenses with Carter. Nazar also acquired her own phone line and continued working for Federal Express in Memphis, Tennessee. Nazar lived in Carter's home until the end of November 1992, at which time she moved to Collierville. In April 1993, Nazar moved to California.

On July 16, 1992, shortly after Nazar had begun staying with Carter in Mississippi, Nazar was involved in an auto accident with Marty McLaurin in Collierville, Tennessee, when Nazar allegedly ran a red light. In October 1993, McLaurin filed this personal injury suit against Nazar in Mississippi state court. As Nazar had moved to California by the time McLaurin sued, she removed the case to federal district court, which subsequently granted her motion to dismiss for lack of personal jurisdiction. McLaurin appeals.

## II.

Mississippi's long-arm statute allows Mississippi courts to exercise jurisdiction over nonresident defendants who (1) "make a contract with a resident of this state to be performed in whole or in part by any party in this state"; (2) "commit a tort in whole or in part in this state against a resident or nonresident of this

2

state"; or (3) "do any business or perform any character of work or service in this state." Miss. Code Ann. § 13-3-57. McLaurin contends that the district court erred in holding that this statute does not render Nazar amenable to his suit. He argues that Nazar's actions in meeting with Carter in Mississippi to breed their dogs; living with Carter for several months; and contracting for her own phone service in Carter's home established that Nazar either made and performed a contract or did business in Mississippi within the meaning of the long-arm statute.

We are persuaded that the district court properly dismissed McLaurin's suit. First, the district court held that, even if the dog breeding arrangement between Nazar and Carter amounted to a "contract," McLaurin could not rely on that contract or Nazar's phone service contract to establish personal jurisdiction over Nazar under the first prong of the statute since McLaurin's claim was unrelated to those contracts. The district court rejected Nazar's argument that a 1991 amendment to the long-arm statute eliminated any requirement of a relationship between a claim and a contract that is the basis for reaching a nonresident defendant. We agree with the district court. Given that the Supreme Court of Mississippi has not yet decided whether the amended long-arm statute still requires such a relationship, and since we find persuasive the district court's reasoning on this contention in its memorandum opinion dismissing the plaintiff's complaint, it is appropriate that we defer to the district court's construction of

3

the law of the state in which it sits.  See Raju v. Rhodes, 7 F.3d 1210, 1212 (5th Cir. 1993).

Second, the district court also rejected McLaurin's argument that Nazar's involvement with Carter established that she was doing business in Mississippi within the meaning of the third prong of the long-arm statute.  The district court determined:  (1) that Nazar's temporary residence, dog breeding liaison, and procurement of phone service in Mississippi did not support the conclusion that she was doing business in Mississippi; and (2) that, in any event, the third prong of the statute was inapplicable since McClaurin's auto-accident injury was not incidental to Nazar's activities in Mississippi.  Again, according deference to the district court's interpretation of the Mississippi long-arm statute, we agree that the absence of any connection between McLaurin's personal injury suit and Nazar's transactions in Mississippi renders the third-prong of the statute unavailing as a means for asserting personal jurisdiction over Nazar.  See Cycles Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 620 (5th Cir. 1989).


III.

For the foregoing reasons, we AFFIRM the district court's dismissal of McLaurin's suit without prejudice.

4