# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-60312
Summary Calendar

ANGELA GRIFFIN,

Plaintiff-Appellant,

versus

PREFERRED CARE DEVELOPMENTAL CENTERS
OF MISSISSIPPI, INC., doing business as Canton Manor,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:98-CV-593-BN)

October 20, 1999

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:[*]

Angela Griffin seeks review of the judgment dismissing with prejudice her wrongful discharge complaint for failure to state a claim upon which relief can be granted. For the reasons assigned, we affirm.

## BACKGROUND

Preferred Care Developmental Centers of Mississippi, Inc., d/b/a Canton

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

Manor, is in the business of providing intermediate care for mentally retarded and developmentally disabled persons. In August 1985, Griffin began her employment with Preferred Care as a Direct Care Worker. She was subsequently promoted to Program Service Director and was responsible for supervising members of the support staff. In July 1997, she was instructed to terminate certain employees under her supervision but refused to do so, believing that the terminations were in response to their complaints about management business practices. Griffin claims that she was discharged from her position as a result of her refusal to terminate the employees.

In June 1998, Griffin filed a lawsuit in Mississippi state court alleging wrongful termination and intentional infliction of emotional distress. Preferred Care removed the action to the Southern District of Mississippi based on diversity of citizenship jurisdiction, and moved for dismissal under Rule 12(b)(6),[1] contending that the complaint failed to state a claim upon which relief could be granted. Preferred Care contended that Griffin was an at-will employee and thus could not bring a tort claim for wrongful termination under Mississippi law. Preferred Care also maintained that Griffin failed to state a claim for intentional infliction of emotional distress. The district court agreed; this appeal followed.

## ANALYSIS

We review a Rule 12(b)(6) dismissal *de novo*, liberally construing the

---

[1]FED. R. CIV. P. 12(b)(6).

2

complaint in favor of the plaintiff and deeming all facts pleaded as true.[2] The dismissal will not be affirmed unless it appears beyond doubt that Griffin can prove no set of facts in support of her allegations which will entitle her to relief.[3] In evaluating whether the complaint was sufficient to state a claim for relief, we assess the wrongful termination and intentional infliction of emotional distress allegations under controlling Mississippi law.

Mississippi follows the common law doctrine of at-will employment.[4] In the absence of an employment contract for a specified term, all employees are deemed to be at-will.[5] Under Mississippi law, an at-will employee may not maintain a wrongful termination action against a former employer unless a public policy exception applies to the employee's claim.[6] In the present case, Griffin's complaint states that she was "a permanent employee." Although Griffin contends on appeal that an employment agreement existed, her complaint contains no reference to any such agreement. Additionally, the allegations set forth in the complaint are insufficient to invoke either of the public policy exceptions to the at-will doctrine. Griffin made no attempt to amend her complaint after Preferred Care moved to

---

[2]**Lowrey v. Texas A & M University System**, 117 F.3d 242 (5th Cir. 1997).

[3]**Conley v. Gibson**, 355 U.S. 41 (1957).

[4]**Solomon v. Walgreen Co.**, 975 F.2d 1086 (5th Cir. 1992).

[5]**Id.**

[6]**McArn v. Allied Bruce-Terminix Company, Inc.**, 626 So.2d 603 (Miss. 1993). Two types of public policy exceptions are recognized in Mississippi. An at-will employee may not be fired for: (1) refusing to commit an illegal act for his employer; or (2) reporting an illegal act of his employer to authorities.

dismiss. After reviewing the complaint in light of the applicable state law, we must conclude that Griffin's mere allegation of permanent employment is not sufficient to overcome the presumption of the at-will doctrine.[7] The district court was correct in dismissing her wrongful termination claim.

The district court also properly dismissed the intentional infliction of emotional distress claim. A claim for intentional infliction of emotional distress generally is not permitted in ordinary employment disputes.[8] Griffin's complaint fails to allege extreme or outrageous conduct by Preferred Care that would warrant taking this case beyond the realm of an ordinary employment dispute or that would satisfy the elements of an intentional infliction of emotional distress claim under Mississippi law.[9] Griffin cannot recover for emotional distress caused by wrongful termination absent a valid claim for wrongful termination.

The judgment appealed is AFFIRMED.

---

[7]**Raju v. Rhodes**, 809 F.Supp. 1229 (S.D. Miss. 1992) (an agreement for "permanent" employment is terminable at the will of either party), *aff'd*, 7 F.3d 1210 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).

[8]**Johnson v. Merrell Dow Pharmaceuticals**, 965 F.2d 31 (5th Cir. 1991).

[9]**Id.**; **Sears Roebuck & Co. v. Devers**, 40 So.2d 898 (Miss. 1981) (setting forth elements of intentional infliction of emotional distress claim), *overruled on other grounds by* **Adams v. U.S. Homecrafters, Inc.**, No. 98-CA-00368-SCT, 1999 WL 353186 (Miss. June 3, 1999).