EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
While I concur in the reversal of the judgment, I respectfully dissent from the majority’s holding that Vollbracht may re-litigate self-defense on remand to the bankruptcy court in an effort to prove that his actions were not “willful and malicious” under 11 U.S.C. § 523(a)(6).
I agree with the majority’s holding that Vollbracht’s criminal conviction for simple assault in Mississippi does not automatically compel the conclusion that his actions were “willful and malicious” under § 523(a)(6), because the assault statute permits a conviction for negligent infliction of injury. See Miss.Code Ann. § 97-3-7. *366 Thus, in order to determine whether Voll-bracht’s actions constituted “willful and malicious” conduct, the court would have to make an independent finding.
I also agree with the majority’s statement of law that for conduct to be considered “willful and malicious,” it must satisfy (1) the subjective/objective test of Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) and (2) not be sufficiently justified under the circumstances. As to the first prong, I strongly agree with the majority’s finding that Voll-bracht’s “haymakers” on Berry easily satisfy Kawaauhau’s subjective/objective test.
As to the second prong, however, I reject the majority’s holding that Vollbracht be allowed to present evidence of self-defense on remand as justification for his actions against Berry. I consider Voll-bracht to be collaterally estopped from again asserting the claim of self-defense, because it was previously litigated, rejected, and essential to his conviction in his state criminal trial for assault. See, e.g., Raju v. Rhodes, 7 F.3d 1210, 1214-15 (5th Cir.1993) (applying Mississippi law and stating that parties are precluded from relitigating a specific issue when it has actually been litigated, determined by, and essential to the judgment in the prior action); Norman v. Bucklew, 684 So.2d 1246, 1253 (Miss.1996); see also In re Granoff, No. 05-33028, 2006 WL 1997408, at *8 (Bankr.E.D.Pa. June 6, 2006) (holding that a criminal conviction for assault is preclu-sive on the issue of self-defense as a justification for debtor’s conduct, because “[t]he state court must have considered the debt- or’s claim of self-defense and found the claim not to be credible, or the debtor could not have been convicted of simple assault”). Moreover, even though Voll-bracht bore the initial burden of production on self-defense, his success in doing so then required the prosecution to bear the burden of persuasion in proving the absence of self-defense beyond a reasonable doubt. See Harris v. State, 937 So.2d 474, 481 (Miss.App.2006) (citing Heidel v. State, 587 So.2d 835, 843 (Miss.1991)). As the level of proof required in the civil action is the much lower preponderance-of-the-evidence standard, the factual rejection of self-defense in the prior criminal trial supports the application of collateral estoppel in the subsequent civil action. Accordingly, Vollbracht should not receive a second bite at the “self-defense” apple, as the majority would allow. Without this defense, Vollbracht’s “haymakers” on Berry would undoubtedly have been considered “willful and malicious” and his debt would not have been discharged.
The majority recognizes that the bankruptcy court could preclude the “narrow” issue of self-defense on remand. Nevertheless, the majority goes on to state that Vollbracht could present facts that would support his self-defense claim, ie., evidence as to Berry’s actions and reasons as to why Vollbracht would be less culpable. Thus, under the majority’s rationale, Voll-bracht would essentially be able to present all of the facts related to his self-defense claim, even if the bankruptcy court precluded the issue of self-defense. I do not see the distinction that the majority draws, cannot agree with its reasoning, and therefore respectfully dissent. I would have rendered judgment in favor of Berry and not discharged Vollbracht’s debt.