United States Court of Appeals,

Fifth Circuit.

No. 93-9132.

Mary Nell HINES, Guardian of Bobby Alan Parker, Plaintiff-Appellant,

v.

MASSACHUSETTS MUTUAL LIFE INS. CO., et al., Defendants,

GECO Geophysical Co., Inc., Defendant-Appellee.

Feb. 1, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM and DUHÉ, Circuit Judges.[1]

DUHÉ, Circuit Judge:

Mary Nell Hines, the guardian of Bobby Alan Parker, appeals the district court's grant of summary judgment in favor of GECO Geophysical Co., Inc. (GECO). Hines had asserted discrimination, breach of fiduciary duty, and wrongful denial of benefits claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (1988). We affirm.

BACKGROUND

Parker was an employee of GECO in 1982. A GECO Group Medical Plan (the "Plan"), helped full-time employees with hospitalization and medical costs. Until September 30, 1982, the Plan consisted of a group insurance policy written by Massachusetts Mutual Life Insurance Company (the "Mass. policy"), which allowed for

_____

[1]The third member of the panel, Judge King, recused herself at oral argument. The decision of the remaining two members of the panel constitute a quorum. *See* 28 U.S.C. § 46(d) (1988).

1

discontinuation of insurance at any time. On that date, GECO cancelled the Mass. policy and replaced it with a policy written by Connecticut General Life Insurance Company (the "Conn. policy").

Parker was a participant in the Plan on April 14, 1982, at which time he sustained totally disabling injuries in an automobile accident. When GECO switched policies four and one-half months later, Parker's condition was not covered under the Conn. policy because it excluded preexisting conditions. Nevertheless, the Mass. policy covered Parker for one year after its termination. Thereafter, GECO paid Parker's medical bills until September 30, 1988.

Parker has not returned to work, and Hines has been his guardian since 1988. After GECO stopped paying benefits in 1988, Hines brought this action against GECO on behalf of Parker.[2] She asserts four discrimination claims under Section 510 of ERISA, 29 U.S.C. § 1140, three breach of fiduciary duty claims under Section 404, 29 U.S.C. § 1104, and two wrongful denial of benefit claims under Section 502, 29 U.S.C. § 1132. GECO moved for summary judgment, which the district court granted. Hines appeals.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Our review is de novo and we consider all the facts contained in the summary judgment record and the inferences to be drawn therefrom in the

_____

[2]Hines also named Massachusetts Mutual as a defendant, but the life insurance company is not a party to this appeal because it settled with Hines.

2

light most favorable to the non-moving party.  *Weyant v. Acceptance Ins. Co.,* 917 F.2d 209, 212 (5th Cir.1990).

*I. Section 510 claims*

Hines raises four claims under ERISA Section 510:[3]

1. That GECO unlawfully interfered with Parker's rights under the Plan by singling him out not to be covered under the Conn. policy;

2. That GECO unlawfully interfered with Parker's rights under the Plan by singling him out not to have benefits after October 1, 1988;

3. That GECO interfered with Parker's rights under the Plan by failing to keep him covered under the Plan;  and

4. That GECO interfered with Parker's rights under the Plan by failing to keep him covered under the policy after his disability, while still covering similarly situated employees.

Essentially, Hines concentrates on two actions taken by GECO:  (1) the September 30, 1982 switch in Plan coverage from the Mass. policy to the Conn. policy;  and (2) the October 1, 1988 termination of benefits paid to Parker.

The district court granted summary judgment on Hines's discrimination claims for two reasons.  First, Hines failed to provide evidence of GECO's specific intent to interfere with Parker's purported rights.  Second, Hines failed to establish any

---

[3]Section 510 provides in relative part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the Plan....

29 U.S.C. § 1140 (1988).

existing or entitled rights with which GECO purportedly interfered. The district court's first reason applies to GECO's switch in policies. The second reason applies to the termination of payments.

Hines contends that GECO switched policies in 1982 with the specific intent of discriminating against Parker. An essential element of a Section 510 claim is proof of defendant's specific discriminatory intent. *McGann v. H & H Music Co.,* 946 F.2d 401, 404 (5th Cir.1991). Hines contends that she has created a fact issue by showing that Parker was treated differently than other similarly situated employees. The district court disagreed with her because Hines's evidence of disparate treatment consisted solely of deposition testimony by GECO employees who stated that they did not know whether Parker was the only employee affected by the switch in policies.

In *McGann,* the employer limited the plan's $1,000,000 life-time coverage to $5000 for AIDS-related claims. An employee who discovered his affliction with AIDS several months earlier brought suit under Section 510. The employer's stated purpose for changing the coverage was to reduce costs. We determined that McGann failed to show that the employer's reduction in coverage, except for its effect, specifically intended to deny him medical coverage. *Id.* In this case, the switch in policies affected Parker because his condition was not covered under the new policy. Nevertheless, Hines offers no positive evidence to prove a specific intent to discriminate against Parker. Under *McGann,* her evidence

4

of a specific intent to discriminate cannot withstand summary judgment.

On the termination of benefits, Hines fails to establish a right to which Parker is entitled. Hines contends that the Mass. policy remains GECO's Plan because GECO did not properly amend the Plan.[4] As inferential proof of an improper amendment, Hines points to the fact that Parker never received notice of the switch in policies. Nevertheless, the record directly shows that GECO gave written notice of termination to Massachusetts Mutual on September 29, 1982, and obtained the Conn. policy as a replacement. As a result, Parker had no rights under the Mass. policy when GECO terminated payments on October 1, 1988. We conclude that the district court properly granted summary judgment on the Section 510 claims.[5]

---

[4] "ERISA precludes oral modifications to benefit plans." *Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir.1989).

[5] Two circuits have restricted the scope of § 510 to acts that affect the employer-employee relationship; in other words, plan amendments by themselves cannot be actionable under § 510. *See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan,* 24 F.3d 1491, 1504 (3d Cir.1994), *petition for cert. filed,* 63 U.S.L.W. 3477 (Nov. 17, 1994) (No. 94-1037); *McGath v. Auto-Body North Shore,* 7 F.3d 665, 670 (7th Cir.1993); *see also West v. Butler,* 621 F.2d 240, 245 (6th Cir.1980) (reviewing ERISA's legislative history and explaining that § 510 was "aimed primarily at preventing unscrupulous employers from discharging and harassing their employees in order to keep them from obtaining vested pension rights"). *But see Vogel v. Independence Fed. Sav. Bank,* 728 F.Supp. 1210, 1225-26 (D.Md.1990) (denying summary judgment because termination of coverage only affected beneficiary); *see also Aronson v. Servus Rubber, Div. of Chromalloy,* 730 F.2d 12, 16 (1st Cir.) (suggesting in dictum that a plan could be discriminatorily modified), *cert. denied,* 469 U.S. 1017, 105 S.Ct. 431, 83 L.Ed.2d 357 (1984).

*II. Section 404 claims*

Hines makes three breach of fiduciary duty claims under ERISA Section 404:[6]

1. That GECO violated a statutory fiduciary duty by failing to keep Parker covered under the Plan;

2. That GECO breached reporting and disclosure requirements under ERISA by failing to notify Parker in writing about modification of the Plan in connection with the 1982 change in group insurance carriers;

---

We expressly reserved the question of § 510's scope in a previous case. *See McGann,* 946 F.2d at 405-06 & n. 8; *see also Owens v. Storehouse, Inc.,* 984 F.2d 394, 399-400 (11th Cir.1993) (following *McGann* ). Because the scope of § 510 was not raised in the district court and because we agree with the district court's conclusions, we need not address the question and again reserve it.

[6]Section 404(a)(1) provides:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries;  and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

....

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with [ERISA].

11 U.S.C. § 1104 (1988).

6

      3. That GECO failed to report a modification of the Plan in connection with Parker's change in status resulting from the switch in group insurance carriers.

The district court denied summary judgment on GECO's statute of limitations defense. Nevertheless, the court granted summary judgment for three reasons: (1) ERISA does not provide relief for complaints about the design of the Plan; (2) breach of procedural duties do not give rise to a substantive damage remedy; and (3) recovery for breach of fiduciary duty under ERISA is to the Plan, not to a participant or beneficiary.

The district court's first ground for granting summary judgment applies to Hines's first claim. The district court determined that GECO's decision to switch policies and leave Parker's condition without coverage was a design complaint and not actionable under ERISA. We agree. An employer that amends a Plan "does not act as a fiduciary, *and thus cannot violate its fiduciary duty,* provided that the benefits reduced or eliminated are not accrued or vested at the time, and that the amendment does not otherwise violate ERISA or the express terms of the Plan." *Izzarelli v. Rexene Prods. Co.,* 24 F.3d 1506, 1524 (5th Cir.1994). Parker had no vested benefits at the time of the switch in policies. The switch in policies did not violate ERISA. Lastly, because the Mass. policy could be terminated at any time, the switch in policies did not violate the express terms of the Plan. GECO did not violate any statutory fiduciary duty by not covering Parker's condition under the Conn. policy.

Likewise, Hines cannot recover for GECO's failure to fulfill

7

procedural requirements. Failure to fulfill procedural requirements generally does not give rise to a substantive damage remedy. *Lewandowski v. Occidental Chem. Corp.,* 986 F.2d 1006, 1008 (6th Cir.1993); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1353 (9th Cir.), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985). The exception occurs when the violations are continuous and amount to substantive harm. *See Blau,* 748 F.2d at 1353. GECO's failure to notify Parker of the switch in policies does not amount to a continuous procedural violation. Furthermore, Parker suffered no substantive harm from the lack of notice since he received benefits from GECO for five years after his benefits under the Mass. policy terminated. We conclude that the district court properly granted summary judgment on the breach of fiduciary duty claims.[7]

*III. Wrongful denial of benefits claims*

Hines raises two claims under ERISA Section 502:[8]

1. That GECO wrongfully failed to keep Parker insured; and

2. That GECO wrongfully failed to continue benefits for Parker after October 1, 1988.

The district court noted that, in addition to equitable relief,

---

[7]Because we agree with the district court's first two grounds for granting summary judgment on the breach of fiduciary duty claims, we need not reach its third ground.

[8]Section 502(a) allows a civil action to be brought by a participant or beneficiary "to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan" or "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the Plan, or (B) to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(1), (3) (1988).

Section 502(a) allows recovery, enforcement, or clarification of specific rights or benefits to which plan beneficiaries and participants are entitled under the terms of a plan. Because Parker was not entitled to benefits when GECO terminated payments on October 1, 1988, the district court granted summary judgment on Hines's Section 502 claims.

We agree with the district court's assessment of these claims. Parker received all the benefits to which he was entitled under the Mass. policy. Hines has not shown that Parker is entitled to any further benefits. Parker may have had unlimited coverage under the Mass. policy when it was in effect, but that coverage was not permanent because GECO could amend or terminate that policy at any time. Thus, GECO broke no promise to Parker. *See McGann*, 946 F.2d at 405 (noting that ERISA does not require vesting of medical benefits once they are included in a welfare plan). We conclude that the district court properly granted summary judgment on Hines's Section 502 claims.

CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.