William H. **EATON** and A. Jeanne **Eaton, Plaintiffs,**

v.

**IBM CORPORATION, Defendant.**

**Civil Action No. H–95–0263.**

United States District Court,
S.D. Texas,
Houston Division.

March 12, 1996.

---

Robert Philip Scott, Abrams, Scott & Bickley, Houston, TX, for plaintiffs.

Thomas J. Forestier, McGinnis, Lochridge & Kilgore, LLP, Houston, TX, for defendant.

## ORDER

GILMORE, District Judge.

Pending before the Court is Defendant IBM Corporation's Motion for Summary Judgment with Incorporated Memorandum of Law (Instrument No. 25). The motion is unopposed. Having reviewed the facts on record and the relevant law, the Court concludes that summary judgment is proper.

## I.

Plaintiffs William H. Eaton and A. Jeanne Eaton are both former IBM employees. Mr. Eaton began working at IBM in 1959. Mr. Eaton has received income as a beneficiary under IBM's Medical Disability Income Plan since 1984. Ms. Eaton retired from IBM in February 1990.

When both Eatons worked for IBM, they qualified for "internal coordination of benefits." Under this program, IBM's medical benefit plans paid 80% of the medical expenses for an employee and an employee's eligible family members, after an annual deductible. If a husband and wife both worked for IBM, under "internal coordination of benefits" IBM's Major Medical Plan paid 100% of the couple's qualified medical expenses, after satisfaction of an annual deductible.

In 1992, two years after Ms. Eaton's retirement, IBM modified its welfare benefit plans, terminating "internal coordination of benefits." Since that time, IBM's benefit plans pay 80% of the Eatons' timely-filed, qualified medical claims after satisfaction of an annual deductible. Since 1992, IBM's benefit plans have been consistently interpreted so that no one receives "internal coordination of benefits".

IBM had expressly reserved the right to modify its welfare benefits plans. The welfare benefit plans are described in Summary Plan Descriptions ("SPDs"). *See* 29 U.S.C.

§ 1022(a)(1). The 1989 SPD, which was in effect when Ms. Eaton retired, states:

> This book illustrates IBM's benefits, policies, rules and regulations in effect at the time of publication. Each or any may be changed, as the company requires. Nothing contained in any section of this book shall be construed as creating an express or implied obligation on the part of IBM.

(Def.'s Ex. C, at 33). The 1989 SPD notes elsewhere, "IBM reserves the right, at its discretion, to modify the plans should future events make it advisable to do so." *Id.* at 37. Similar language has appeared in SPDs issued as early as 1968.

In November 1990, Ms. Sharon Arimes, an IBM Benefits Department employee, orally promised the Eatons that both were eligible for "internal coordination of benefits" for their lives. Ms. Arimes sent several letters confirming this oral promise.

In November 1994, the Eatons filed suit in state court against IBM for recovery of damages based on their alleged entitlement to certain medical benefits provided by IBM's welfare benefit plans. IBM timely removed the case to federal court because the claims are governed by ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. On January 12, 1996, IBM filed this motion for summary judgment. To date, the Eatons have not filed any response.

## II.

Summary judgment is proper when pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), and the court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (*citing United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

The burden of proof is on the moving party to show an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–28, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986). Once this burden has been met, the nonmoving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 249–51, 106 S.Ct. at 2511. The plain language of Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

Summary judgment may not be awarded by default because the non-moving party fails to respond. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985). The district court may, however, accept as undisputed the facts listed in support of the unopposed motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir.1988).

## III.

Plaintiffs are suing under ERISA for the continuation of "internal coordination of benefits" which was eliminated in a 1992 amendment to the welfare benefit plan. Plaintiffs claim that two of the letters sent by Ms. Arimes constitute a supplement to the welfare benefit plan. Plaintiffs claim that the letters modified IBM's welfare benefit plan and waived IBM's right to modify its benefit plans regarding "internal coordination of benefits."

ERISA comprehensively regulates employee pension and welfare plans. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). "An employee welfare-

benefit plan or welfare plan is defined as one which provides to employees 'medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident disability or death,' whether these benefits are provided 'through the purchase of insurance or otherwise.'" *Id., citing* 29 U.S.C. § 1002(1).

ERISA broadly defines an "employee welfare benefit plan" as a plan, fund, or program that is: (1) established by an employer or employee organization; (2) funded by insurance or self-insured; and (3) provides employees with life, health, disability or other benefits. 29 U.S.C. § 1002(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55–56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987); *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1017 (5th Cir.1993); *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir.1991); *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132 (1994). The provisions of ERISA govern all employee welfare benefit plans as defined above. 29 U.S.C. § 1003(a).

 Unlike pension benefits, ERISA does not provide automatic vesting of welfare plan benefits. *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 934–35 (5th Cir.1993), *cert. denied*, 510 U.S. 870, 114 S.Ct. 196, 126 L.Ed.2d 154 (1993). "Since an employee's interest in such benefits is not statutorily vested, [the employer] is under no continuing obligation to provide them under ERISA." IBM's plan documents do not provide that Plaintiffs' medical benefits were vested. IBM reserved the right to modify its benefit plans and never amended its plans to waive that right.

 When the SPD and other plan documents contain an express reservation of the right to modify a welfare benefit plan, the employer may change post-retirement health insurance benefits. *Wise*, 986 F.2d 929; *see also Hines v. Mass. Mutual Life Ins. Co.*, 43 F.3d 207, 209–11 (5th Cir.1995).

In *Hines*, the Fifth Circuit held that the plaintiff had no vested rights to group insurance benefits and employer did nothing improper by changing to a new insurance policy that excluded the totally disabled plaintiff's pre-existing condition from coverage. *Hines*, 43 F.3d at 209–11. The court determined that "because the policy could be terminated at any time, the switch in policies did not violate the express terms of the Plan." *Id.* at 211.

In *Wise*, the Fifth Circuit affirmed summary judgment for an employer that had eliminated free health insurance for its retired workers. 986 F.2d at 932–33. The employer had issued SPDs over a period of years which did not reserve the employer's right to amend the benefit plan's provisions. *Id.* The employer terminated free health insurance benefits only months after issuing new SPDs which did reserve the right to amend the Plan. *Id.* The acts of the employer were ultimately upheld by the Fifth Circuit.

IBM included an unambiguous provision of its right to amend its plans in the SPDs for many years. IBM modified its welfare benefit plan, as permitted by ERISA and IBM's plan documents, in 1992.

To support their claims, the Eatons rely on written confirmation of oral statements made by Ms. Arimes, an IBM representative. The oral statements made by IBM's representative cannot sustain or support a cause of action under ERISA. *Borst v. Chevron Corp.*, 36 F.3d 1308 (5th Cir.1994); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1297 (5th Cir.1989).

 Neither can the letters sustain the Eatons' claim. "ERISA expressly requires that '[e]very employee benefit plan shall be established and maintained pursuant to a written instrument.' 29 U.S.C. § 1102(a)(1)." *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989) (alteration in original). ERISA requires that the written plans provide a procedure for amending such plan, and for identifying the persons who have authority to amend the plan. 29 U.S.C. § 1102(b)(3); *Degan*, 869 F.2d at 895. The letters written by Ms. Arimes do not rise to the level of written instruments as described in ERISA. As in *Borst*, Ms. Arimes' written statements "did not purport to be part of, or an amendment to" IBM's welfare benefit plan document. 36 F.3d at 1323. Moreover, any alleged waiver

of an employer's right to modify welfare benefits must be expressly stated in the plan documents because "[s]uch extra-ERISA commitments must be found in the plan documents and must be stated in clear and express language." *Wise,* 986 F.2d at 937. The handwritten letters do not constitute supplements or modifications to IBM's welfare benefit plan as described in the SPDs.

In short, the Eatons cannot succeed on their ERISA claim in light of the controlling case law. The "lifetime" benefits had not vested at the time IBM terminated the program. IBM had reserved the right to modify the plan at any time in plan documents distributed to the Eatons over a number of years. The letters promising lifetime "internal coordination of benefits" do not constitute supplements, modifications or amendments to the plan documents as a matter of law. Accordingly, IBM is entitled to judgment in this case.

### IV.

Having found no genuine issues of material fact in light of the relevant law, the Court ORDERS that the motion for summary judgment is GRANTED.

The law affords the movant an opportunity to file motions to reconsider and the like pursuant to Fed.R.Civ.P. 59 or 60; however, this Court reserves the right to sua sponte impose Rule 11 SANCTIONS, for the wasteful and frivolous re-urging of evidence or legal authority that has already been presented to the Court. A motion seeking relief from or reconsideration of this Order will be granted only in rare circumstances. The parties are instructed to seek whatever relief they desire in the United States Court of Appeals for the Fifth Circuit. If a party seeks reconsideration on the basis of evidence that was available before the issuance of this order but that was not submitted in a timely fashion, the movant must show either excusable neglect or manifest injustice for failure to provide these materials to the Court earlier.

This is a FINAL JUDGMENT.