IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40829
Summary Calendar
_____


MICHAEL HOWARD,

                                                    Plaintiff-Appellant,

                                versus

HCA – THE HEALTH CARE COMPANY, Etc. ET AL.,

                                                    Defendants,

BAY AREA HEALTHCARE GROUP, LIMITED,
doing business as Corpus Christi Medical Center,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. C-01-CV-296)
_____
January 31, 2003


Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

_____

        *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

We affirm for the following reasons:

1. We essentially agree with the district court's thorough opinion.

2. Appellant Howard did not, in our view, raise a material issue of fact on the ultimate question of whether the plan administrator abused its discretion in deciding to end further disability benefits to him. Howard does not persuade us that the district court misunderstood its standard of review. In any event, conducting a de novo review of the summary judgment motion, see Pratt v. City of Houston, 247 F.3d 601, 605-06 (5th Cir. 2001), we conclude that the motion was properly granted.

2. Howard complains that the plan administrator committed a violation of a then-effective ERISA regulation by refusing to allow him to "[r]eview pertinent documents" in the course of his administrative appeal. See 29 C.F.R. § 2560.503-1(g)(1)(ii) (1999); Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 329, 335 (5th Cir. 2001) (discussing regulation). Without deciding whether, under abuse of discretion review, this regulation always required a plan administrator to provide full disclosure of all evidentiary materials on which it relied, Howard does not persuade us that a violation of this regulation, if any, was sufficient to defeat the summary judgment motion. A violation of a procedural requirement does not automatically entitle an ERISA claimant to plan benefits. "Failure to fulfill procedural requirements generally does not give rise to a substantive damage remedy. The exception occurs when the violations are continuous and amount to substantive harm." Hines v. Mass. Mut. Life Ins. Co., 43 F.3d 207, 211 (5th Cir. 1995) (citations omitted). Howard does not persuade us that full discovery

during administrative proceedings would have allowed him to respond with explanations or further evidence that would have so altered the mix of information before the plan administrator as to raise a genuine issue of material fact on whether the administrator abused its discretion. In particular, Howard does not persuade us that he could have significantly altered the import of the videotape in the administrator's possession.

3. The plan administrator, after reviewing the videotape and other materials, concluded that further disability benefits under the plan should be terminated because the plan provides for such termination in cases where the participant's alleged injury is "feigned, or an attempt to defraud the Employer," or the participant engaged in "activity that exceeds the Provider's restrictions." The summary judgment record establishes that the administrator did not abuse its discretion in its interpretation of the plan document, see Rhorer v. Raytheon Eng'rs & Constructors, Inc., 181 F.3d 634, 639-40 (5th Cir. 1999), and in its factual determination that Howard was not entitled to further to plan benefits under the terms of the plan, see Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994).

AFFIRMED.