**Kathleen P. DUCRE, Plaintiff,**

**v.**

**SBC–SOUTHWESTERN BELL and Sedgwick Claims Management Services, Inc., Defendants.**

**No. Civ.A. SA–04–CA–0835.**

United States District Court, W.D. Texas, San Antonio Division.

April 4, 2005.

---

12. *Maguire Oil Co. v. City of Houston,* 69 S.W.3d 350, 369 (Tex.App.—Texarkana 2002).

13. 69 S.W.3d at 369.

Gloria M. Salinas, Attorney at Law, Austin, TX, for Plaintiff.

Maureen F. McNiece, Southwestern Bell Telephone, LP, San Antonio, TX, for Defendants.

## ORDER

RODRIGUEZ, District Judge.

On this date the Court considered Defendants' motion to dismiss (docket no. 5).[1] Defendants asserts that Plaintiff's claims are pre-empted under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and all claims made by Plaintiff must be brought against the ERISA plan itself. After considering the pleadings, Defendants' motion, and Plaintiff's response, the Court GRANTS in part and DENIES in part the motion to dismiss and ORDERS Plaintiff to file an amended complaint and Defendants to file an amended answer.

### I. Rule 12(b)(6) standard

In considering a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue her complaint and offer evidence in support of her claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999). Dismissal should not be granted " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Id.* at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45—46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

### II. Factual and Procedural Background

Plaintiff is a former employee of Southwestern Bell Telephone, L.P. ("SBC"). During her employment, Plaintiff was a participant in SBC's employee benefit plan, SBC Disability Income Plan ("the Plan"). SBC is the Plan sponsor and Sedgwick Claims Management Services, Inc. ("Sedgwick") is the Plan administrator. As alleged by Plaintiff's Original Complaint, Plaintiff became unable to work because of clinical depression, anxiety disorder, and post-traumatic stress syndrome on December 22, 2003. Plaintiff was approved for short-term disability leave, after numerous extensions, through April 25, 2004. Throughout this time of disability leave, Plaintiff had submitted information from her doctor in which her doctor stated that she should not return to

---

1. Defendants' motion to dismiss is contained in a document that also includes Defendants' Original Answer. For future reference, Defendants should refrain from filing a document that contains more than one pleading (such as an answer and a motion to dismiss). In addition, the caption to Defendants' document makes no reference to the fact that Defendants' Original Answer is contained within. To avoid confusion, Defendants will be ordered to file an amended answer within thirty (30) days of the date Plaintiff's amended complaint is filed, as explained below.

work.[2] The denial of an extension of disability leave beyond April 25, 2004 was appealed on April 27, 2004. Plaintiff called Sedgwick's office to ask for help in completing her appeal and was told to submit whatever she believed to be relevant to her claim. According to Plaintiff, she "was never told that the medical documentation previously accepted by the office to substantiate her disability claim was now not enough. Rather she was informed that her disability was denied because the doctor had not seen her since March 4, 2004."

During the pendency of her appeal, Plaintiff visited her doctor, who submitted information on her condition to Sedgwick. Plaintiff's doctor found that Plaintiff was still disabled and expected the disability to extend until December 31, 2004. According to Plaintiff, she requested accommodations under the Americans with Disabilities Act, including an accommodation of unpaid leave, but no accommodations were made. Plaintiff's appeal of her disability leave determination was denied on June 3, 2004 and she was ordered either to provide medical information to substantiate a disability or report to work on June 8, 2004. Plaintiff did not report to work and was suspended pending termination on June 8, 2004. Plaintiff's employment was terminated August 18, 2004.

Plaintiff filed her Original Complaint in this Court September 15, 2004. She alleged generally that "[t]his is an action for deprivation of rights secured by the Employee Retirement and Insurance Security Act [*sic*], 29 U.S.C. § 1001, *et seq.*" Defendants filed this motion to dismiss on February 1, 2005.

## III. Analysis

Defendants assert that all of Plaintiff's claims are preempted by ERISA. Defendants seem to contend that Plaintiff's claims are properly construed as claims for wrongful denial of benefits under an ERISA plan, which would be preempted under ERISA. *See Dorn v. Int'l Bhd. Of Elec. Workers*, 211 F.3d 938, 948 (5th Cir. 2000). Defendants construction of Plaintiff's claims are incorrect.

 As to SBC, Plaintiff asserts that she is alleging a cause of action under 29 U.S.C. § 1140. Section 1140 provides,

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of any employee benefit plan ... or for the purpose of interfering with attainment of any right to which such participant may become entitled under the plan....

A claim under § 1140 is properly brought against the employer for the adverse employment action. *See Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 761 (5th Cir.1996); *Hines v. Mass. Mutual Life Ins. Co.*, 43 F.3d 207, 209 (5th Cir.1995). At no point does Plaintiff actually mention § 1140 in her Original Complaint. Plaintiff does, however, state that "Defendant SBC's actions in terminating plaintiff was purposefully to interfere with the plaintiff's right to continued health benefits under defendant's benefit employee benefit plan." Though there is no specific reference to the statute upon which she bases her claim, the Original Complaint sufficiently tracks the language of § 1140 such that SBC have been given fair notice of the

---

**2.** According to Plaintiff, her doctor originally stated that she should remain on leave until March 16, 2004, and then extended the time frame for her return to May 1, 2004. Plaintiff's doctor advised Sedgwick that Plaintiff could not work even part-time prior to May 1, 2004.

claims against it. *See Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99. Therefore, Plaintiff has sufficiently stated a claim under § 1140.[3]

As to Sedgwick, Plaintiff contends that she has properly alleged a claim for a breach of fiduciary duty by an ERISA plan administrator. There exists a valid claim for breach of fiduciary duty under ERISA. *See Varity Corp. v. Howe,* 516 U.S. 489, 509—10, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). 29 U.S.C. § 1109(a) provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries `... shall be personally liable to make good *to such plan* any losses to the plan resulting from such breach ...." (emphasis added). Section 1109 itself does not provide an independent cause of action on the part of beneficiaries for individual compensatory damages, however. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (holding § 1109 authorizes only actions on behalf of the ERISA plan itself as a whole, and provides no implied cause of action for extracontractual damages caused by improper claims processing). 29 U.S.C. § 1132(a)(3) provides for civil actions against the plan administrator for a breach of a fiduciary duty, including a violation of § 1109. However, the Fifth Circuit has held that "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available

under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs & Constructors, Inc.,* 181 F.3d 634, 639 (5th Cir.1999) (citing *Varity Corp.,* 516 U.S. at 510—16, 116 S.Ct. 1065). Where it is "readily apparent" from the Complaint that a plaintiff is seeking to recover benefits under § 1132(a)(1)(B),[4] there is no claim for breach of a fiduciary duty. *Id.* "When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) [§ 1132(a)(1)(B) ] of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3) [§ 1132(a)(3) ]." *McCall v. Burlington Northern/Santa Fe Co.,* 237 F.3d 506, 512 (5th Cir.2000) (citing *Corcoran,* 965 F.2d at 1335). Plaintiff complains of the denial of benefits under the Plan, asking the Court to "[a]ward plaintiff back lost wages and monetary benefits for defendants' violations of federal law." Plaintiff's Original Complaint ¶ 26(iii). While Plaintiff also seeks mental anguish damages, emotional and mental distress damages are not available under § 1132(a)(3) against a plan administrator. *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1338 (5th Cir.1992). At no time does Plaintiff seek the monetary relief that is available in a suit for breach of a fiduciary duty—liquidated damages under § 1132(a)(1)(A). As it is "readily apparent" from her Original Complaint that Plaintiff is seeking redress for a denial of benefits under § 1132(a)(1)(B), there is no

---

**3.** This result is bolstered by the fact that no argument was made in the motion to dismiss as to the sufficiency of Plaintiff's factual allegations. Nor was a reply filed to Plaintiff's Response to Defendants' Motion for Summary Judgment, which response added much more detail to the specifics of Plaintiff's claims. At this point, the Court is satisfied that Plaintiff's allegations are sufficient to state a claim under § 1140 as to SBC. Once discovery has been conducted to illuminate the specific factual bases for Plaintiff's claims, a different

result may be necessitated at the summary judgment stage.

**4.** 29 U.S.C. § 1132(a)(1)(B) provides, "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

cause of action for a breach of fiduciary duty.

 Despite the fact that Plaintiff relies solely on breach of fiduciary duty as her cause of action in her Response to Defendants' Motion to Dismiss, that there is not a cause of action for breach of fiduciary duty against Sedgwick does not end the inquiry. It can be fairly read that Plaintiff has put forward two causes of actions against Sedgwick in "Count II" of the Original Complaint. Specifically, County II states "Defendant Sedgwick's actions in processing and denying the plaintiff's claim for disability benefits were arbitrary, illegal, capricious, unreasonable, and not made in good faith and is a breach of Defendant's fiduciary duty owed to plaintiff in violation of 29 U.S.C. § 1101, *et seq.* Defendant's action caused injury to plaintiff in the loss of wages and benefits and in causing plaintiff emotional distress." Plaintiff's Original Complaint ¶ 20. Generally, " 'ERISA permits suits to recover benefits only against the Plan as an entity....' " *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir.1996) (quoting *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324 (9th Cir. 1985)); *In re Enron Corp. Securities, Derivative & ERISA Litigation,* 284 F.Supp.2d 511, 678 (S.D.Tex.2003). However, a plan administrator is liable to a beneficiary for an abuse of discretion in denying benefits. *McCall,* 237 F.3d at 512; *Rhorer,* 181 F.3d at 639—40. The Fifth Circuit generally applies a two-step analysis for determining whether a plan administrator abused its discretion in denying a participant plan benefits. First, the Court must determine whether the administrator's interpretation of the plan's terms was legally correct. If it was correct, the inquiry ends. If it was not, the Court must then decide if the administrator's interpretation was an abuse of discretion. *McCall,* 237 F.3d at 512. In determining an abuse of discretion, the Court should examine whether the administrator gave the plan a uniform construction and made a fair reading of the plan, as well as any other unanticipated costs resulting from different interpretations of the plan. *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 608 (5th Cir.1998). In arguing that Sedgwick's actions in denying benefits was "arbitrary, illegal, capricious, unreasonable, and not made in good faith," Plaintiff has (perhaps unintentionally) stated a valid cause of action for recovery of benefits against a plan administrator under § 1132(a)(1)(B). *See Meditrust Fin. Services Corp. v. Sterling Chemicals, Inc.,* 168 F.3d 211, 215 (5th Cir.1999) ("When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence.").

## IV. Conclusion

Congress has authorized "a participant or beneficiary" to bring a civil action "to enforce his rights under the terms of the plan," without reference to whether the relief sought is legal or equitable. 29 U.S.C. § 1132(a)(1)(B); *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 221, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). The defendant in such a suit is limited, however. The ERISA Plan itself is the only proper defendant for a suit seeking payment of benefits, unless such liability against another individual is authorized. A plan administrator is liable for an abuse of discretion in denying benefits under an ERISA Plan. The Court finds that Plaintiff has stated a valid cause of action against Sedgwick for such a claim, which, if proved, would permit the recovery of lost benefits. As it is readily apparent from Plaintiff's Original Complaint that Plaintiff seeks redress for a denial of benefits against Sedgwick, and not for a

breach of a fiduciary duty, Plaintiff has not stated a valid cause of action for breach of a fiduciary duty. Insofar as Plaintiff's Original Complaint alleges such a claim, it is DISMISSED.

Plaintiff has also properly alleged a suit against her former employer under § 1140. Plaintiff has sued her former employer under the wrong name, however. Plaintiff is therefore ORDERED to file an amended complaint within twenty (20) days of the date of this Order. Plaintiff should reallege her claims against the proper former employer, Southwestern Bell Telephone, L.P. FED. R. CIV. P. 15(c)(3). Plaintiff should also point out, in her amended complaint, the specific ERISA statutes she relies upon in her claim against Southwestern Bell Telephone, L.P and Sedgwick. In filing her amended complaint, Plaintiff is further granted leave to add SBC Disability Income Plan as a defendant. Defendants are ORDERED to file an amended answer within thirty (30) days of the date Plaintiff's amended complaint is filed.

Plaintiff's motion to dismiss is GRANTED as to the claim for breach of fiduciary duty against Sedgwick, and DENIED as to the claim for abuse of discretion against Sedgwick and for the § 1140 claim against SBC (docket no. 5).