United States Court of Appeals,

Fifth Circuit.

No. 97-60104

Summary Calendar.

Bobby L. STAFFORD, Plaintiff-Appellant,

v.

TRUE TEMPER SPORTS, also known as Emhart Industries, a Black and Decker Company, Defendant-Appellee.

Sept. 25, 1997.

Appeal from the United States District Court for the Northern District of Mississippi.

Before REYNALDO G. GARZA, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:

This is an appeal from a district court ruling which granted summary judgment in favor of the Appellee, True Temper Sports ("True Temper"). Upon review of the pleadings, briefs, and the record on file, we AFFIRM the decision of the district court.

Background

The Appellant, Bobby Stafford ("Stafford") challenges the summary judgment. Stafford states that the district court erred by granting summary judgment in favor of True Temper. Stafford states that the district court erred by precluding him from litigating his ERISA claims. The district court held that a decision by the Mississippi Employment Security Commission ("MESC"), which was reviewed by the Circuit Court of Lee County, Mississippi, had collateral estoppel effect, thereby preventing Stafford from relitigating certain issues at the core of his claim. Stafford

further alleges that the district court erred by granting summary judgment in favor of True Temper on the pendant state claims.

The background facts and history are as follows. Bobby Stafford was hired by True Temper in 1990 as an employee in its Amory, Mississippi facility. Stafford was suspended from his post and fired in February of 1995. True Temper alleged that Stafford manipulated factory machinery in order to make it appear that he worked a greater amount of hours than he actually worked, for the purpose of receiving more pay. Such an act, aside from being dishonest, is a violation of company policy, and Stafford was fired.

Stafford sought unemployment benefits through the MESC. Stafford was initially disqualified by the claims examiner assigned to his case, and Stafford appealed. The appeals referee, after conducting a hearing, reversed the findings of the claims examiner. Subsequently, a three member board of review concluded that Stafford intentionally manipulated the machinery to make it appear that he was working longer hours than he actually had worked, and reinstated the decision of the claims examiner, disqualifying Stafford from unemployment benefits. Stafford appealed to the Circuit Court of Lee County, Mississippi, and he lost there, too. The Circuit Court affirmed the decision of the board of review.

At the time he was fired, Stafford was three (3) weeks away from being vested in True Temper's pension plan. Stafford's daughter suffers from Gaucher's disease, and her medical expenses (paid for under the company health care plan) are substantial.

2

Also, Stafford underwent heart surgery in 1993, surgery which was expensive and paid for by the company health care plan. Stafford filed suit alleging that True Temper fired him in retaliation for his substantial (present and future) medical expenses and to prevent the vesting of his pension benefits, in violation of True Temper's duties under ERISA. Stafford also made claims for intentional infliction of emotional distress and defamation arising from the allegations made by True Temper, allegations which Stafford claims were a pretext for his dismissal. The case went before Judge Glen H. Davidson, United States District Judge for the Northern District of Mississippi (Eastern Division), and Judge Davidson, in a succinct and well-drafted opinion, granted summary judgment in favor of True Temper.

## Standard of Review

We review a summary judgment *de novo. Thompson v. Georgia Pacific Corp.,* 993 F.2d 1166, 1167 (5th Cir.1993). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A mere allegation by the nonmovant that a dispute over material facts exists between the parties will not defeat a movant's otherwise properly supported motion for summary judgment. A dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hanks v.*

3

*Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992).

## Discussion and Analysis

The central point in this case is whether Stafford's claims are precluded under collateral estoppel. If they are, then he will be unable to relitigate whether the factors surrounding his termination were true or false. If the decisions of MESC and the Circuit Court of Lee County are accepted, he really has nothing left to stand on, because the factors in question are central to all his claims. True Temper's actions would therefore be considered to be a nonpretextual, legitimate reason for termination, and the door would be closed on Stafford's claims.

The federal courts must give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate. *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986). This is done for the purposes of judicial economy, and because "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Astoria Federal S. & L. Assn. v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 2169, 115 L.Ed.2d 96 (1991). However, if Congress manifests an intent, pursuant to a statutory scheme, that state administrative decisions have no such preclusive effect, collateral estoppel is not to be applied. Such intent need not be explicit,

4

and can be implied if, for example, Congress created its own administrative scheme to deal with the matter in question. *Id.* at 111, 111 S.Ct. at 2171 (in *Astoria,* the fact that Congress created the Equal Employment Opportunity Commission ("EEOC") to deal with the alleged discrimination in question was central to the analysis). However, as the district court pointed out succinctly, the instant case is not one of those exceptional cases, because ERISA is not governed by any scheme enforced by the EEOC or any like agency, and hence, collateral estoppel can be applied.

Stafford tries to distinguish the case at bar by stating that he did not truly have a full and fair opportunity to litigate the matter, thereby creating separate due process issues, and he makes certain bare and unsubstantiated allegations about the veracity of the witnesses. First of all, as the district court pointed out, Stafford had ample opportunity to litigate his claim before the MESC, given that he was able to present evidence, be represented by counsel, and involve himself in the elaborate administrative review process (which, it should be pointed out, went through many layers before the matter got to the federal courts). The fact that he may not have used certain strategies or litigated to the extent that (in hindsight) he and his attorney now believe he should have is immaterial. This is just the sort of "defeat fairly suffered" Justice Souter wrote of in *Astoria. Astoria,* 501 U.S. at 107, 111 S.Ct. at 2169.

Further, as pointed out by the district court, this decision comes from a judicially *reviewed* action by an administrative body,

5

and as such, the judgment comes not just from MESC, but from the Circuit Court of Lee County. Such a judgment is entitled to "the same full faith and credit in every court of the United States ... as [it has] by law or usage in courts of such State," and has preclusive effect. 28 U.S.C. § 1738. State administrative proceedings which are reviewed by a state court have preclusive effect and a federal court can apply state rules of issue preclusion in determining whether a matter litigated in state court may be relitigated in federal court. *Marrese v. Amer. Acad. Ortho. Surgeons,* 470 U.S. 373, 382, 105 S.Ct. 1327, 1332-1333, 84 L.Ed.2d 274 (1985). As far as Mississippi is concerned, the decisions of MESC have preclusive weight in Mississippi courts, are appealable through the Mississippi court system, and even have the potential for review by the United States Supreme Court. Miss.Code Ann. § 71-5-531(1996 Supp.). Any concerns about lack of oversight or lack of local preclusive effect are misplaced, indeed.

Under Mississippi law, four factors must be shown for a prior judgment to have a collateral estoppel effect. The party must be seeking to relitigate a certain issue, that issue must already have been litigated in a prior action, the issue must have been determined in the prior suit, and the determination of the issue must have been essential to the prior action. *Raju v. Rhodes,* 7 F.3d 1210, 1215 (5th Cir.1993), *cert. denied* 511 U.S. 1032, 114 S.Ct. 1543, 128 L.Ed.2d 194 (1994). Also, the fact-finding tribunal should be careful in its decision-making and in its determination of the findings of fact essential to the issue in

6

question for the purposes of application of collateral estoppel, so as to eliminate any suspicion about the proceedings. *M.E.S.C. v. Philadelphia Mun. Sep. Sch. D.,* 437 So.2d 388, 397 (Miss.1983). In the case at bar, the key issue in question is whether Stafford manipulated his machine to falsely reflect time worked and whether that was the reason he was fired. Both of these issues were litigated, in the MESC proceedings and Circuit Court of Lee County, these issues were determined and essential to the findings, and we have no reason to doubt the abilities and level of care of the MESC fact-finders. Stafford claims that the ERISA case was not the issue litigated, so collateral estoppel does not apply, but the fact that the ERISA issue presupposes and includes certain determinations about the machine manipulation issue means that the primary issue has been previously dealt with and collateral estoppel applies.

This application of collateral estoppel is fatal to Stafford's ERISA claim. Under § 510 of ERISA, Stafford has to establish a prima facie case that True Temper fired him with a specific discriminatory intent to retaliate for exercising an ERISA right or to prevent attainment of benefits which he would become entitled to under the plan. 29 U.S.C.A. § 1140; *Rogers v. International Marine Terminals, Inc.,* 87 F.3d 755, 761 (5th Cir.1996); *Hines v. Mass. Mutual Life Ins. Co.,* 43 F.3d 207, 209 (5th Cir.1995); *McGann v. H & H Music Co.,* 946 F.2d 401, 404 (5th Cir.1991), *cert. denied,* 506 U.S. 981, 113 S.Ct. 482, 121 L.Ed.2d 387 (1992). The plaintiff in such an ERISA employment

7

discrimination test need not prove that the discriminatory reason was the only reason for discharge, but he must show that the loss of benefits was more than an incidental loss from his discharge, and this inference of discrimination can be proven by circumstantial evidence. *Carlos v. White Consol. Indust. Inc.,* 934 F.Supp. 227, 232 (W.D.Tex.1996). To dispel the inference of discrimination which would arise from a prima facie case, True Temper must articulate a non-discriminatory reason for its actions, and then the burden shifts to Stafford to prove this reason is a pretext and the real purpose was denial of ERISA benefits. *Lehman v. Prudential Ins. Co. of America,* 74 F.3d 323, 331 (1st Cir.1996).

The district court rightly determined that while the evidence does allow for a prima facie case, True Temper articulated a perfectly appropriate non-discriminatory reason for its actions, and Stafford failed to prove that this is a pretext. Stafford does nothing more than make bare allegations and attempt to argue that a few minor discrepancies in the record constitute proof of improper motive. This simply will not suffice, and because collateral estoppel precludes Stafford from relitigating the matter of his manipulation of the machinery in the plant, the district court properly granted summary judgment for True Temper on this issue.

As both parties pointed out in their briefs, the district court did not rule on whether the pendant state claims of intentional infliction of emotional distress and defamation were preempted by § 301 of the Labor Management Relations Act ("LMRA").

8

29 U.S.C.A. § 185. The record does not show any evidence that either party brought this fact to the district court's attention after the summary judgment was granted. Upon consideration of the arguments put forth by the parties, we find that the pendant state claims in this case are preempted.

Regarding intentional infliction of emotional distress, this Circuit has stated that the "LMRA preempts state-law emotional distress claims if those claims are related to employment discrimination." *Barrow v. New Orleans S.S. Ass'n,* 10 F.3d 292, 300 (5th Cir.1994). The emotional distress claim is clearly part of the same matter as the employment discrimination claim, and would likely never have come into existence but for the original dispute over whether Stafford manipulated the machinery, and is far from peripheral to the central employment issue, so preemption is warranted. *Brown v. Southwestern Bell Tele. Co.,* 901 F.2d 1250, 1256 (5th Cir.1990). As the Fourth Circuit pointed out in *McCormick v. AT & T Technologies,* 934 F.2d 531, 538 (4th Cir.1991)(en banc), *cert. denied,* 502 U.S. 1048, 112 S.Ct. 912, 116 L.Ed.2d 813 (1992), in situations such as this, it is appropriate for a court to look at the collective bargaining agreement to see if an employer's actions are reasonable. The collective bargaining agreement empowers True Temper to direct and manage its employees, which includes the investigation of employee misconduct and allows for discharge of employees for proper cause. The company's Employee Guide, which is incorporated by reference in the collective bargaining agreement, clearly states that the actions

9

Stafford was accused of are subject to immediate suspension and discharge. Thus, True Temper's actions are consistent with the collective bargaining agreement, and because this matter is intertwined with the employment issue, the state law claim is preempted and properly dismissed.

Regarding the defamation issue, once again the state law claim is preempted under the LMRA. Stafford claims that the reasons given for his termination constitute defamation. The reasons given for his dismissal arose under the employment relationship between Stafford and True Temper, were a part of the investigation into the appropriateness of his dismissal, and were in accordance with the terms of the collective bargaining agreement. *Bagby v. General Motors Corp.*, 976 F.2d 919, 921 (5th Cir.1992). Therefore, as in the matter of the emotional distress claim, the matter is under the LMRA and preempted, and dismissed.

At any rate, even if there was no preemption, Stafford loses these claims under Mississippi law anyway. First of all, the fact that Stafford is precluded from relitigating the issue of whether he actually did what True Temper accused him of doing causes his case on the state claims to fail. All Stafford has claimed to overcome this is a bare statement that the issue is whether the witnesses are telling the truth, and that is enough to survive summary judgment. The truthfulness of a witness can always be questioned, and if simply stating that a person may not be telling the truth (without any hard evidence proving that assertion) is the standard to overcome summary judgment, no summary judgment would

10

ever be proper, so this argument fails.

Further, under Mississippi law, Stafford must show that True Temper's actions were "extreme and outrageous," and "beyond all possible bounds of decency" to win a claim of intentional infliction of emotional distress. *Burroughs v. FFP Operating Partners, L.P.,* 28 F.3d 543, 546 (5th Cir.1994); *Leaf River Forest Prods. v. Ferguson,* 662 So.2d 648, 658 (Miss.1995). Firing someone for dishonesty and tampering with equipment for the purpose of getting undeserved income is hardly outrageous or indecent. Given the above, and the fact that Stafford cannot relitigate the issue, Stafford loses on this claim.

Similarly, regarding defamation, an essential element of the claim of defamation is the falsity of the statement. *Blake v. Gannett Co.,* 529 So.2d 595, 603 (Miss.1988); *Fulton v. Mississippi Publishers Corp.,* 498 So.2d 1215, 1217 (Miss.1986). Here, the allegation is dishonesty and cheating, both of which were proven in the MESC hearings, affirmed by the Circuit Court of Lee County, and are precluded from relitigation due to collateral estoppel. Once again, Stafford loses, and we would dismiss even if there were no preemption.

## Conclusion

For these reasons, we AFFIRM the district court's grant of summary judgment in favor of the Appellant, True Temper.

AFFIRMED.

11