L McKAY, Judge.
Plaintiff, James H. Stone, Jr., appeals the trial court’s granting of defendant’s, Entergy Services, Inc. (Entergy), motion for summary judgment. We reverse.
FACTS AND PROCEDURAL HISTORY
In 1986, James H. Stone, Jr. began working as an environmental analyst for Middle South Utilities System Services, Inc., which is now known as Entergy Services, Inc. During his employment with the company, Mr. Stone reported numerous environmental violations regarding Enter-gy’s operating companies and he contends *142 that he was reprimanded for calling attention to these problems. Mr. Stone ceased working for Entergy on February 8, 1993, when he lost his job as part of a reorganization and consolidation of environmental personnel in the company’s Transmission Department.
After losing his job, Mr. Stone filed a charge alleging discrimination on the basis of disability and age with the Equal Employment Opportunity Commission (EEOC). While this charge was pending, Mr. Stone filed suit in state court | ¡.alleging that he had lost his job in retaliation for his reporting certain environmental problems, a violation of La. R.S. 30:2027, the Louisiana environmental whistle-blower statute. Upon receiving a right-to-sue letter from the EEOC, Mr. Stone filed an action in the United States District Court for the Eastern District of Louisiana alleging that he had been discriminated against on the basis of a qualified disability and on account of his age. Mr. Stone later amended his federal complaint to add the identical state law environmental whistle-blower claim brought in state court.
At the close of discovery in the federal action, Entergy filed a motion for summary judgment seeking dismissal of all of Mr. Stone’s claims. The federal court granted summary judgment to Entergy on the claims of disability and age discrimination. However, Mr. Stone’s state law environmental whistle-blower cause of action was dismissed without prejudice. Thereafter, Entergy filed a motion for summary judgment in state court asserting that Mr. Stone was collaterally estopped from asserting his state law cause of action. The court granted Entergy’s motion for summary judgment. It is from this judgment that Mr. Stone now appeals.
DISCUSSION
The issue before this Court is whether the trial court erred in finding that in related litigation between the parties where the plaintiff was unable to prove that he had been discriminated against on the basis of disability or age that collateral estoppel barred plaintiffs environmental whistle-blower cause of action brought 13under La. R.S. 30:2027 and warranted granting defendant’s motion for summary judgment.
The doctrine of collateral estop-pel or issue preclusion bars the relitigation of issues actually litigated and necessarily decided in an earlier case between the same parties. Federal law governs the preclusive effects of a federal judgment. The United States Fifth Circuit Court of Appeals has held that collateral estoppel precludes a second litigation concerning the reasons for the termination if the reasons for the termination were definitively decided in the previous litigation. Levitt v. University of Texas at El Paso, 847 F.2d 221 (5th Cir.1988); Stafford v. True Temper Sports, 123 F.3d 291 (5th Cir. 1997). Accordingly, for the issue to have been actually litigated, it must be established that the termination was based on a non-discriminatory reason.
In the instant case, Entergy contends that the federal court decided that Mr. Stone was terminated because of his “low performance” and that that decision was necessary to the federal court’s resolution of Mr. Stone’s disability and age discrimination claims thereby precluding a finding that Mr. Stone was terminated in retaliation for environmental whistle-blowing. Accordingly, Entergy maintains that Mr. Stone is collaterally estopped from asserting in state court that he was discharged in retaliation for whistle-blowing and that his state court action is barred. However, Mr. Stone contends that in the federal litigation all that was determined was that disability discrimination and age discrimination were not the reasons why he was fired.
|4In its memorandum and order, the federal trial court states:
This court will not determine disputed issues of fact regarding when plaintiff became aware of the alleged retaliation against him since the issue is irrelevant *143 to the claim filed here. The parties must litigate the issue of whether plaintiffs [sic] state court claims have prescribed in state court. Accordingly, plaintiffs [sic] claim pursuant to Louisiana environmental whistle blowing statute is dismissed without prejudice.
Stone v. Entergy Services, Inc., 1995 WL 368473, 1995 LEXIS 8834 (E.D. La. June 20, 1995).
It is clear from the memorandum and order that the federal court’s grant of summary judgment pertained exclusively to Mr. Stone’s claims for discrimination due to age and disability and not to his state law whistle-blowing claim which was dismissed without prejudice. The federal court’s mission was to determine whether age or disability had impermissibly affected Entergy’s decision to terminate Mr. Stone. The federal court did not examine every possible motivation for Entergy’s decision. The inquiry was limited to whether the treatment plaintiff received was motivated by illegal age or disability discrimination. When Entergy moved the state trial court for summary judgment, the court granted it based on collateral estop-pel or issue preclusion.
In our opinion, the trial court erred in finding that Mr. Stone was precluded from bringing his state law environmental whistle-blowing claim because of the earlier ruling in the federal lawsuit. The issues actually litigated in the federal case are not the same as those being brought in the state action. In making a determination as to what matters were “actually litigated” and decided in a prior action, the district court determination is a factual question. Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501-02 (11th Cir.1984), cert. denied, 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970. Since this is a factual question it should not have been decided on a motion for summary judgment. Whether, in fact, some | Bother unlawful basis, such as unlawful environmental retaliation, motivated Entergy remains unanswered.
CONCLUSION
For the foregoing reasons, we find the trial court erred in granting Entergy’s motion for summary judgment based on the doctrine of collateral estoppel. Accordingly, the judgment of the trial court is reversed and this matter is remanded for trial on the merits.
REVERSED AND REMANDED.