# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 00-40745

―――――――――

TINA SCHEVE,

Plaintiff-Appellant,

AND

MARK W. STEVENS,

Appellant,

VERSUS

THE MOODY FOUNDATION,

Defendant-Appellee.

―――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
(G-99-CV-379)

―――――――――――――――

June 20, 2001

Before REYNALDO G. GARZA,
HIGGINBOTHAM, and SMITH,
Circuit Judges.

PER CURIAM:[*]


Tina Scheve appeals a summary judgment on her claim of discrimination in violation of provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1140-41. Scheve and her attorney, Mark Stevens, appeal the award of attorney's fees to the Moody Foundation.[1] Finding no reversible error, we affirm.

Scheve filed a complaint asserting a claim with no basis in fact, which would have been apparent if she or Stevens had conducted even a cursory investigation. Moreover, upon "learning" of the inaccuracy of the allegations, she refused to withdraw the claim and instead asserted a new theory of liability for the first time in her response to the motion for summary judgment.

Summary judgment was appropriate, because Scheve failed to establish an element of her *prima facie* case, i.e., that the foundation fired her with specific intent to prevent her from exercising her rights under ERISA. *See Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). Furthermore, given the groundless nature of the claim and the appellants' persistence in its maintenance, the decision to award the foundation its reasonable attorney's fees cannot be considered an abuse of discretion with respect to either Scheve, *see Ironworkers Local # 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980),[2] or Stevens, *see Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991) ("[W]hen the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may . . . shift the entire financial burden of an action's defense.").

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The court cited several bases for the fee award, including, *inter alia*, ERISA's fee-shifting provision, 29 U.S.C. § 1132(g), for the award against Scheve, and 28 U.S.C. § 1927 for the award against Stevens.

[2] Scheve complains that the court failed properly to analyze the fee award under *Bowen*. Although in its oral order the court did not discuss the *Bowen* factors at length, the court expressly considered each of the relevant factors sufficiently to allow us to conclude that it did not abuse its discretion in awarding fees under § 1132(g). Moreover, other than the conclusional assertion that "under any view of the *Bowen* factors, this fee award was improper," Scheve fails even to argue why the award was inappropriate under *Bowen*.