IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60295
Conference Calendar
_____

VERONICA MCCALLUP,

                                        Plaintiff-Appellant,

versus

KEMPER COUNTY MESSENGER NEWSPAPER,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:02-CV-71-LN
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Veronica McCallup, Mississippi prisoner # K1256, appeals the
dismissal of her in forma pauperis (IFP) complaint for failure to
state a claim upon which relief may be granted.  McCallup alleged
that she was slandered and defamed and that her constitutional
rights were violated, when pursuant to a conspiracy the
defendants published a newspaper article that failed to report
she had filed a notice of appeal after her trial.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McCallup has failed to show that her allegations of slander and defamation meet the standards for a constitutional claim. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of public humiliation and subjection to scorn and ridicule did not state a claim under 42 U.S.C. § 1983). McCallup has also failed to show that her complaint states a claim for slander or defamation under Mississippi law. See Stafford v. True Temper Sports, 123 F.3d 291, 297 (5th Cir. 1997); Armistead v. Minor, 815 So. 2d 1189, 1195 (Miss. 2002).

McCallup has likewise failed to show that the district court erred in utilizing the provisions of 28 U.S.C. § 1915, which apply broadly to prisoners' suits brought in forma pauperis. Because McCallup has not shown that her complaint would have passed muster with additional factual development, see Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994), we are not persuaded that the district court erred in dismissing McCallup's complaint without conducting an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985). Finally, as McCallup has not shown that a viable claim is perceptible from the underlying facts asserted in the complaint, she has failed to show that the district court erred in dismissing the complaint without affording an opportunity for amendment. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

McCallup's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, McCallup's appeal is DISMISSED.  See 5TH CIR. R. 42.2.  This court recently has cautioned McCallup that because of her accumulation of strikes for purposes of 28 U.S.C. § 1915(g), she may not proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); McCallup v. Musgrove, No. 02-60233 (5th Cir. Aug. 20, 2002) (unpublished); McCallup v. Miss. Dep't of Corrections, No. 02-60243 (5th Cir. Aug. 20, 2002) (unpublished). McCallup is hereby further cautioned that the prosecution of additional frivolous appeals will invite the imposition of additional sanctions.  McCallup should review any pending appeals to determine whether they raise frivolous issues.

APPEAL DISMISSED; THREE-STRIKES BAR NOTED; SANCTION WARNING ISSUED.