UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10346
SUMMARY CALENDAR
_____

DONALD OATMAN,

Plaintiff - Appellant

v.

FUJI PHOTO FILM USA, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-2116-R)
_____

November 12, 2002

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review a district court's decision to grant summary judgement in favor of

Defendant, Fuji Photo Film USA ("Fuji"), regarding all claims brought by Plaintiff Donald

Oatman ("Oatman") under the anti-retaliation provision of the Employee Retirement Income

Security Act ("ERISA"), 42 U.S.C. § 1140, and the Family Medical Leave Act of 1993

("FMLA"), 42 U.S.C. § 2601. For the following reasons, we affirm the district court's judgment.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

I.

Donald Oatman was employed by Fuji for more than fifteen years. From 1985 until his termination on October 5, 1998, Oatman's position at Fuji was that of Warehouse Supervisor. At all times relevant to this litigation, Oatman was supervised by Al Levine ("Levine"), Regional Human Resources Manager.

In the early 1990s, Oatman began to experience problems with one of his knees. He was granted leave to have surgery performed on the knee in 1994. Three weeks after the surgery, Oatman returned to work. Oatman again required medical attention because of the knee in 1998, and on March 31 of that year was granted leave to undergo a second surgical procedure. Following the second surgery, which took place on April 6, 1998, Oatman applied for and received short-term disability benefits from CIGNA, Fuji's health insurance carrier. When CIGNA discontinued his short-term disability payments on July 3, 1998, Oatman, still unable to return to work, applied for long-term disability benefits. On July 24, 1998, Levine sent Oatman a letter informing him that his leave had been continued as unpaid FMLA leave, beginning July 20, 1998 and running through October 9, 1998. Oatman was terminated on October 5, 1998.

On September 27, 2000, Oatman filed suit against Fuji in the Northern District of Texas, alleging violations of his rights under the FMLA and Section 510 of ERISA. Oatman argued his termination occurred while he was still entitled to leave under the FMLA, and that Fuji's failure to restore him to his former position, or an equivalent position, was wrongful. Relatedly, Oatman claimed he was terminated and discriminated against due to his exercise of rights under the FMLA and ERISA. Pursuant to Fed. R. Civ. P. 56, Fuji moved for summary judgment on all claims, arguing that Oatman had neither evidence he was entitled to FMLA leave or reinstatement, nor

had he evidence that his employment was terminated in violation of the FMLA or ERISA. The district court granted Fuji's motion for summary judgment and Oatman appeals.[2]

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. *See Terrebonne Parish School Board v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. Pro. 56(c). If the moving party meets its initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence establishing a factual issue. *See Evans v. Houston*, 246 F.3d 344, 348 (5th Cir. 2001). Although we draw all reasonable inferences in favor of the nonmoving party, conclusory allegations unsupported by concrete and particular facts are insufficient to defeat a motion for summary judgment. *See Terrebonne*, 290 F.3d at 310; *Hugh Symons Group, PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998).

### A. Oatman's FMLA Claims

The district court found that Fuji was entitled to summary judgment regarding Oatman's FMLA claims because Oatman failed to show that he was eligible to be reinstated when his FMLA leave expired, as required under the FMLA. Oatman argues that the district court's dismissal of his FMLA claim is misplaced because the court failed to consider the effect of reasonable accommodation on his ability to return to work.

---

[2] Plaintiff's original suit also included claims under Sections 409 and 502 of ERISA. On appeal, Oatman does not challenge the district court's summary judgment ruling that both of these claims were barred due to his failure to exhaust administrative remedies.

Under the FMLA, an employee is entitled, upon returning from FMLA leave, to be restored "to the position of employment held by the employee when the leave commenced" or "an equivalent position." 29 U.S.C. § 2614(a)(1). In addition:

> If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA. However the employer's obligations may be governed by the Americans With Disabilities Act (ADA). See § 825.702.

29 C.F.R. § 825.114(b). Furthermore, if an employee is able to return to work upon the expiration of FMLA leave, the employer will then be liable for failing to restore the employee to their former position. *See* 29 U.S.C. § 2614(a)(1)(A); *see also Holmes v. E. Spire Communications Inc.*, 135 F.Supp.2d 657 (D.Md. 2001)(holding that plaintiff's FMLA claim was precluded as a matter of law because of the admitted fact that plaintiff could not have returned to work on the date she believed her FMLA leave ended).

Oatman does not deny that he was unable to perform the essential functions of his job at Fuji. In fact, according to Plaintiff's own deposition testimony, he could not have returned to work on October 9, 1998 –the date when Oatman alleges his FMLA leave ended. Rather, Oatman argues that, *had he been offered reasonable accommodations,* he could have returned to work upon the expiration of his FMLA leave –i.e., he would have been able to perform the essential functions of his position if he had been offered reasonable accommodations. Under the FMLA, however, there is no right to reinstatement with "reasonable accommodations." Indeed, existing case law suggests otherwise. *See, e.g., Tardie v. Rehabilitation Hospital of Rhode Island*, 168 F.3d 538, 543-44 (1st Cir. 1999)(finding no right to reinstatement where employee was unable to work more than forty hours each week and it was established that an essential function of her job

was working between fifty and seventy hours per week).

Apparently recognizing that the FMLA does not independently provide for reinstatement with reasonable accommodations, Oatman calls attention to the last sentence of 29 C.F.R. § 825.114(b), which refers both to the Americans With Disabilities Act and to 29 C.F.R. § 825.702. Oatman argues that 29 C.F.R. § 825.114(b) should apply in conjunction with § 825.702, which, in part, provides:

> If an employee is a qualified individual with a disability within the meaning of the Americans With Disabilities Act, the employer must make *reasonable accommodations*, etc., barring undue hardship, in accordance with the ADA. At the same time, the employer must afford an employee his or her rights under the FMLA.

29 C.F.R. § 825.702(b)(emphasis added).

Undoubtedly, as Plaintiff suggests, there is some level of interplay between the FMLA and the ADA. However, it does not necessarily follow that Oatman is entitled to the relief he seeks. Significantly, Oatman did not assert a claim under the ADA in this case. Other than simply stating that the FMLA should be considered in conjunction with the ADA, Plaintiff offers no authority to support his assertion that the FMLA requires an employee to be reinstated with reasonable accommodation at the end of FMLA leave. Had Plaintiff pursued a claim under the the ADA, the issue of reasonable accommodation might have been pertinent. Because Oatman did not bring such a claim, however, the issue is not relevant to the resolution of this portion of his case. Furthermore, as the discussion below regarding Oatman's ERISA claim shows, Oatman did not present competent summary judgment evidence regarding his ability to return to his previous position, even if accommodation had been provided.

Under the FMLA, Oatman must show that he was able to return to his previous position when his FMLA leave expired. Oatman does not deny that at the end of his leave he was unable to

perform the essential functions of his job at Fuji. Therefore summary judgment was appropriate as to Plaintiff's FMLA claims.

## B. Oatman's Section 510 ERISA Claim

Under Section 510 of ERISA, it is unlawful to "discharge . . . or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140.

To survive summary judgment, the employee must demonstrate genuine issues of material fact with regard to whether the employer terminated the employee with the "specific intent" to interfere with the employee's ERISA rights or to otherwise retaliate against the employee for exercising her rights under the ERISA plan. *See Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997); *Hines v. Mass. Mutual Life Ins. Co.*, 43 F.3d 207, 209 (5th Cir. 1995). The employee is not required to show that the employer's sole motivation was to interfere with ERISA rights, but rather that a specific intent partly motivated the employer. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999).

To meet this burden, absent direct evidence of discrimination, Plaintiff must present a prima facie case of discrimination. *See Bernal v. Randall's Food & Drugs, Inc.*, No. CA 3-96-CV-3464-R, 1998 WL 246440, at *12 (N.D. Tex. March 24, 1998). If a prima facie case is established, the burden shifts to Fuji to present a legitimate, non-discriminatory reason for the alleged discriminatory conduct, at which point the burden shifts back to Plaintiff to show that the proffered reason is a mere pretext for discrimination. *Id*.

To establish a prima facie case of discrimination under ERISA, a plaintiff must establish

that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he was potentially entitled under an employee benefit plan. *See Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 260 (5th Cir. 2001); *Stafford*, 123 F.3d at 295. In addition, this court requires the Plaintiff to show that he was physically qualified for the position sought. *See Holtzclaw*, 255 F.3d at 260-61.

The district court found that, because Oatman was unable to show he was physically qualified for his prior position –as required under *Holtzclaw*– Fuji was entitled to summary judgment on Plaintiff's claim under Section 510 of ERISA. Oatman argues that *Holtzclaw* is not dispositive of this case because the employee in *Holtzclaw* admitted that he could not perform his job, even with an accommodation. The *Holtzclaw* court found that, "Because Holtzclaw has not shown he is qualified for the position he seeks, either with or without an accommodation, he can pursue his ERISA claim no further." *See Holtzclaw*, 255 F.3d at 261. Oatman argues that the district court's judgement on this claim should be reversed because the summary judgment evidence established issues of material fact regarding the Plaintiff's ability to perform the job if provided with reasonable accommodations. The summary judgment evidence Oatman refers to, however, fails to establish an issue of material fact regarding his ability to perform the job, with or without reasonable accommodations.

Plaintiff relies solely on his Declaration to support the assertion that he would be able to perform his job with reasonable accommodations. Oatman's Declaration, however, directly contradicts his prior sworn interrogatory responses and deposition testimony. As discussed earlier, Oatman does not deny that he was unable to perform the essential functions of his job as of the day he asserts his FMLA leave would have expired. In fact, he testified under oath that this

was the case. Furthermore, Oatman testified that he did not believe there was any other job at Fuji he could he have performed, that he had not even looked for a job because of his condition, and that he did not think he would be able to perform any job between the date of his deposition and the age of 65 as a result of the problems with his knee.

"It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *Thurman v. Sears Roebuck & Co.*, 952 S.2d 128, 137 n.23 (5th Cir. 1992), *cert. denied*, 506 U.S. 845 (1992); *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984); *see also Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236-37 (7th Cir. 1991)(nonmovant cannot create a genuine issue of material fact by contradicting his own earlier statements unless he offers a plausible explanation for the incongruity). Oatman fails to offer any explanation for this contradiction and therefore his Declaration is not competent summary judgment evidence.

According to the Plaintiff's own testimony, he could not physically perform the essential functions of his former job. Because Plaintiff is unable to show that he is physically qualified for his prior position, he cannot establish an element of his prima facie case. Fuji is therefore entitled to summary judgment on Oatman's claim under Section 510 of ERISA.

## III.

For the foregoing reasons, we AFFIRM the district court's grant of Fuji's motion for summary judgement.