**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-30763**

---

**RAMONA N. RATCLIFF,**

**Plaintiff-Appellant,**

**versus**

**EXXONMOBIL CORPORATION,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(01-CV-2618-R)**

---

December 31, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ramona Ratcliff appeals the summary judgment awarded against her claims for: age and race discrimination under the Age Discrimination in Employment Act (ADEA) and Title VII; and denial of pension rights under the Employee Retirement Income Security Act (ERISA).

Ratcliff was employed as a secretary by Exxon for 17 years, until a downsizing in 1999, connected with the company's merger with Mobil. In December 1999, Ratcliff was laid off and given a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

severance package. In September 2000, ExxonMobil conducted a search to fill eight positions in its New Orleans office.

Ratcliff, with 16 others, applied for these positions. She was then 54 years old. When she applied, she spoke with the hiring supervisor, who noted: "I thought you took the pension". Ratcliff was one of five applicants considered for more than one position. In both instances, however, ExxonMobil hired another applicant. Of the eight hirees, six were minorities and three were 49, 51 and 58 years old, respectively.

Ratcliff had received average to low performance ratings during her previous Exxon employment. And, her former supervisor informed those in charge of the hiring decisions that Ratcliff lacked necessary computer skills and had shown no desire to improve them. The hired candidates were allegedly more qualified than Ratcliff. In one case, the employee had more than 28 years of experience with Exxon and had consistently received higher grades than Ratcliff on her performance reports. In the other case, the employee, unlike Ratcliff, had extensive experience with relevant computer programs.

A summary judgment is reviewed *de novo*. *E.g., Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001). Such judgment is proper when there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). We "view the facts and the

inferences to be drawn therefrom in the light most favorable to the nonmoving party". *Daniels* at 502.

The district court accepted that Ratcliff had stated a *prima facie* case of discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting scheme. Citing the relative qualifications of the applicants, ExxonMobil offered legitimate, non-discriminatory reasons for the employment decision. Under the *McDonnell Douglas* framework, a plaintiff may show those reasons are pretextual. Ratcliff essentially bases her claim of pretext on her conclusory opinion that she was more qualified than those hired for the positions. "In order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must leap from the record and cry out ... that [she] was vastly — or even clearly — more qualified for the subject job." *Price v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (quotation marks and internal citations omitted). Ratliff has not satisfied that standard.

Ratcliff also claims ExxonMobil's refusal to rehire her violates § 510 of ERISA ("unlawful ... to discharge ... or discriminate against a participant ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."). 29 U.S.C. § 1140. She bases this claim on the statement made to her by the hiring supervisor. Even assuming a non-employee could bring suit

3

under § 510 for a company's failure to rehire her, Ratcliff has offered no evidence of discriminatory intent to prevent the attainment of benefits.  *See **Stafford v. True Temper Sports***, 123 F.3d 291, 295 (5th Cir. 1997).

***AFFIRMED***

4